UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GENERAL GRANT WILSON,

    Petitioner,

v.                Case No. 23-cv-199-pp

WARDEN CHERYL EPLETT,

    Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

  On February 13, 2023, the petitioner, who is incarcerated at Oshkosh Correctional Institution and is represented by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 1993 conviction for first-degree intentional homicide while possessing a dangerous weapon and attempted first-degree intentional homicide while possessing a dangerous weapon. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I. Background**

  The petition references Milwaukee County Case No. 93-CF-001541. The court has reviewed the publicly available docket in that case. See State of Wisconsin v. Wilson, Milwaukee County Case No. 93-CF-001541 (available at https://wcca.wicourts.gov/). It indicates that on April 26, 1993, the State of Wisconsin filed a criminal complaint against the petitioner. Id. On or around

1

July 8, 1993, a jury found the petitioner guilty of first-degree intentional homicide and attempted first-degree intentional homicide. Id.

The court takes the rest of the procedural history of the case from the exhibits attached to the petition. On June 17, 1996, the circuit court denied the petitioner's motion for post-conviction relief. Dkt. No. 1 at 135-37. On September 16, 2010, the court of appeals granted the petitioner's motion for *habeas corpus* and reinstated his appeal rights. Id. at 138-40. On July 12, 2011, the circuit court denied the petitioner's motion for post-conviction relief. Id. at 141-44. On October 22, 2013, the court of appeals summarily reversed the judgment of conviction and order denying postconviction relief and remanded the case for further proceedings. Id. at 15-25. On May 12, 2015, the Wisconsin Supreme Court reversed the court of appeals' decision. Id. at 64-131. The petitioner filed a petition for *certiorari* with the United States Supreme Court, which the Supreme Court denied on March 7, 2016. Id. at 133. While the petition for *certiorari* remained pending in the United States Supreme Court, the Wisconsin Supreme Court vacated its remittitur and remanded to the court of appeals for consideration of other issues raised in the petitioner's brief. Id. On November 21, 2016, the court of appeals remanded the case to the circuit court for a hearing on the petitioner's ineffective assistance of counsel claim. Id. at 26-30.

On September 7, 2017, the petitioner requested a new trial based on ineffective assistance of trial counsel, id. at 154, which the circuit court denied on January 8, 2018, id. at 145-152. On January 12, 2021, the court of appeals affirmed the denial of the motion for a new trial. Id. at 32-63. On August 11, 2021, the Wisconsin Supreme Court denied the petition for review. On March

21, 2022, the United States Supreme Court denied the petition for *certiorari*. Id. at 134.

**II.	Rule 4 Screening**

 A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before

3

the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner raises five grounds for relief. Ground One alleges that the petitioner's conviction and sentence were unconstitutional because "he did not receive a full and fair trial before a jury where he was rushed to trial without sufficient opportunity to investigate, to prepare, and to prepare his full defense." Dkt. No. 1 at 7. Ground One further alleges that the trial court unconstitutionally refused a valid and necessary defense. Id. Ground Two reiterates some of what is described in Ground One; it alleges that the petitioner was unconstitutionally deprived of the opportunity to present a complete defense because he was not permitted to bring a valid third-party-perpetrator defense. Id. at 8. Ground Three similarly alleges that the petitioner was unconstitutionally denied the opportunity to present a complete defense—his third-party-perpetrator defense—to prove that he did not commit the crime and was deprived of the opportunity to fully cross-examine the key witness and present other witnesses. Id. at 9. Ground Four raises an ineffective assistance of trial counsel claim. Id. at 10. Ground Five alleges that the appellate court

4

applied a standard of prejudice for the petitioner's ineffectiveness of counsel claim that is contrary to federal law. Id. at 156.

The petitioner has stated claims that are cognizable on federal *habeas* review. The court construes Ground One's allegation that the petitioner did not receive a "full and fair trial" as alleging a due process violation, a claim that is cognizable on federal *habeas* review. See Shipp v. Deuth, 38 F. App'x 309, 310 (7th Cir. 2002) (reviewing due process claim that petitioner did not have sufficient time to prepare a defense). Grounds Two and Three allege that the trial court unconstitutionally prevented the petitioner from presenting a complete defense. Such claims are cognizable on federal *habeas* review. See *e.g.*, Holmes v. South Carolina, 547 U.S. 319 (2006) (reviewing claim that trial court wrongfully excluded petitioner's third-party guilt evidence). Grounds Four and Five are more straightforward: an ineffective assistance of trial counsel claim and a claim that the court of appeals applied a standard contrary to federal law. Both are cognizable on federal *habeas* review. Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (reviewing ineffective assistance of trial counsel claim); Morgan v. Calderone, 353 F. App'x 53, 55-56 (7th Cir. 2009) (reviewing claim that state appellate court misapplied federal law).

Though the petitioner is challenging a thirty-year-old conviction, the court cannot say that it is clear from the face of the petition that it was not timely filed, particularly in light of the fact that in 2010, the court of appeals reinstated the petitioner's right to a direct appeal. Dkt. No. 1 at 138-40. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

5

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, however, it is premature for the court to consider whether the petitioner has properly exhausted all his grounds for federal *habeas* relief. Failure to exhaust, like the limitations period, is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 17th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**